UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRIL EDWIN GRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:09CV0263 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Darril Edwin Gray's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255, filed February 11, 2009 (Doc. No. 1 ("Motion")). Because this Court has determined that Gray's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Gray's claims are based, this Court decides this matter without an evidentiary hearing.[1] See Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199 (2004).

## BACKGROUND

On March 29, 2007, Darril Gray was indicted for conspiracy to commit sex trafficking of a minor in violation of 18 U.S.C. §1591 (Count I), engaging in a commercial sex act with a minor in

---

[1]"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted).

violation of 18 U.S.C. §§1591-1592 (Count II), and distribution of crack in violation of 21 U.S.C. §841(a)-(b) (Count IV).[2]

On April 23, 2007, Gray met with agents from the Federal Bureau of Investigations and St. Louis Police officers to provide information pursuant to a proffer agreement. (Motion Hearing Transcript ("Motion Hearing"), Doc. No. 7-3, p. 78; see also FBI notes, Doc. No. 7-2, pp. 1-2). Gray has maintained that all of the information he provided pursuant to the proffer agreement was true and accurate. (Motion Hearing, p. 43).

On April 26, 2007, Darril Gray pleaded guilty to Count 1, and was represented by his counsel, Steven V. Stenger. (Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement"), 4:07cr219, Doc. No. 43, p. 2). In exchange, the Government agreed to dismiss Counts 2 and 4 at the time of sentencing. (Id.).

According to the Plea Agreement, Gray stipulated and agreed to the following facts:

> Between January 2, 2007 and January 15, 2007, [Gray] conspired and agreed with John Geiler, known to defendant as "J", to commit the crime of sex trafficking of a minor. During this time period, John Geiler and his girl friend drove up to the 5100 block of Robin in St. Louis, Missouri. Geiler was driving a light color Jeep and Jane Doe was sitting in the back seat. The Jeep was parked across from the defendant's house. The defendant knew Geiler and his girl friend as they would periodically spend time on Robin, a street known for crack sales and prostitution. Geiler brought Jane Doe into the defendant's house.
> Geiler told the defendant that the "little bitch" (Jane Doe) owed Geiler money. Geiler wanted to leave Jane Doe with the defendant so that the "little bitch" could work (prostitute) to pay off her debt to him. Geiler told the defendant that despite her appearance, Jane Doe was 18 years old. The defendant agreed to allow Jane Doe to stay with him while she worked off her debt to Geiler.
> The defendant provided Jane Doe with crack cocaine and engaged in sex acts with Jane Doe while she was living with him at 5118 Robin. During this time period[,] male subjects would visit the defendant in his house on Robin. During these visits, the male subjects would go off to a different part of the house with Jane Doe, presumably to have sex with her. Jane Does would often return with crack

---

[2]Count III related only to Gray's co-defendant, John Lee Geiler, Jr.

cocaine and share it with him. The defendant became aware that Jane Doe was only 17 years old.

Another subject agreed to drive Jane Doe to the house of a Mexican male known to patronize neighborhood prostitutes. When Jane Doe came back, the defendant asked her where the money was and Jane Doe told him that the driver kept it.

A subject known as "True" and his girl friend encouraged Jane Doe to leave the defendant. The defendant grabbed Jane Doe and instructed her not to leave. The defendant asked "True" for some crack as they were taking Jane Doe and "True" agreed to provide some crack later on. The defendant agrees that this conduct affected interstate commerce.

The defendant and the government agree that the facts set forth above are true and may be considered "relevant conduct" pursuant to Section 1B1.3.

(Plea Agreement, pp. 8-9). As part of the Plea Agreement, Gray agreed that the neither defense counsel nor the Government made representations that were not included in the Plea Agreement regarding the sentence to be imposed. (Id., pp. 3-4). Gray also agreed to waive his right to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. §2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Id.).

In the Plea Agreement, Gray stated that he had an opportunity to review the charges against him and that he was satisfied with Mr. Stenger's representation. (Id., p. 9). Gray also indicated that he had reviewed the Plea Agreement with his counsel and that he agreed with everything in the agreement. (Id., p. 10). The Court reminded Gray that he had the right to plead not guilty and that he was presumed innocent. (Id., pp. 14-15). The Government outlined the evidence it would have presented if the case had proceeded to trial, and Gray stated that he agreed with the facts as stated. (Id., pp. 16-17). Finally, Gray acknowledged that he committed the acts as charged and as described in the Plea Agreement. (Id., pp. 17-18).

On or around May 7, 2007, Gray moved to withdraw his guilty plea. (4:07CR219, Doc. No. 46). On or around May 16, 2007, Gray moved with Court to appoint new counsel for purposes of his motion to withdrawn his guilty plea. (4:07CR219, Doc. No. 49). Pursuant to this request, this

Court appointed William Margulis to represent Gray for his motion to withdraw his guilty plea. (4:07CR219, Doc. No. 52). On July 23, 2007, Gray filed an amended motion to withdraw his guilty plea, which alleged that he was actually innocent, his plea was not knowingly and voluntarily made, and he received ineffective assistance of counsel. (4:07CR219, Doc. No. 61).

On August 17, 2007, the Court held a hearing on Gray's amended motion to withdraw his guilty plea. Gray testified that he did not know the charges to which he was pleading guilty and that he did not object because he believed the change of plea hearing was only a formality. Gray's former counsel, Steven Stenger, testified at the hearing that he went over all of the charges in the indictment with Gray. (Motion Hearing, p. 70). Stenger stated that he met with Gray at the Crawford County jail and discussed the charges against him and his options, including pleading guilty or a trial. (Id., p. 71). On April 11, 2007, April 17, 2007 and April 19, 2007, Gray sent facsimiles to Stenger telling him to pursue a plea agreement. (Id., pp. 19-20, 76-78). Based upon Gray's requests, Stenger pursued a plea agreement with the Government. (Id., p. 78).

Stenger also testified that, before the change of plea hearing, he met with Gray for an hour and a half to review the Plea Agreement. (Id., pp. 81-82). Gray told Stenger that he understood the content of the plea and the benefits of the plea. (Id., p. 83).

On August 29, 2007, this Court denied Gray's amended motion to withdraw his guilty plea. (4:07CR219, Doc. No. 70). On September 14, 2007, this Court sentenced Gray to a five year term of imprisonment, followed by three years of supervised release. Despite an appeal waiver, Gray filed a direct appeal. On June 19, 2008, the Eighth Circuit denied Gray's appeal. United States v. Gray, 528 F.3d 1099 (8th Cir. 2008), cert. denied 129 S.C.t 429 (2008). The Eighth Circuit held that Gray

had expressly waived his appellate rights and that the District Court had accurately and thoroughly explained the plea agreement to Gray. Id., at 1099.[3]

**STANDARD OF REVIEW**

"Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." Equere v. United States, No. 4:07-CV-1571, 2008 U.S. Dist. LEXIS 91052, *6 (E.D. Mo. Nov. 10, 2008) (citing 28 U.S.C. § 2255). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305, 41 L. Ed. 2d 109, 119 (1974); Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417, 422 (1962).

"A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" Nichols v. United States, 260 Fed. Appx. 946, 948 (8th Cir. 2008) (citing 28 U.S.C. § 2255). A movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (citing Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court, however, may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Marquez v. United States, No. 4:07CV361, 2008 U.S. Dist. LEXIS 82965, *5 (E.D. Mo. Oct. 17, 2008) (citing Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citation omitted)).

---

[3]On February 2, 2009, the Eighth Circuit denied Gray's Petition for Mandamus.

The entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. U.S. v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. U.S., 876 F.2d 655, 657 (8th Cir. 1989), cert. denied, 493 U.S. 869, 110 S. Ct. 195, 107 L. Ed. 2d 149 (1989). The Eighth Circuit has enforced a defendant's plea agreement promise to waive his right to appeal, or challenge via a post-conviction writ of habeas corpus, the district court's entry of judgment and imposition of sentence. Deroo v. U.S., 223 F.3d 919, 923 (8th Cir. 2000) (citing U.S. v. His Law, 85 F.3d 379 (8th Cir. 1996)). The court does not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." Deroo, 223 F.3d at 923. "When a defendant waives his appeal and post-conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made." Lumpkins v. U.S., No. 4:06-CV-195, 2008 U.S. Dist. LEXIS 63105, *12-13 (E.D. Mo. Aug. 19, 2008).

## DISCUSSION

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

A. Legal Standard for Ineffective Assistance of Counsel

For an ineffective assistance of counsel claim under section 2255, "'a movant faces a heavy burden.'" Equere, 2008 U.S. Dist. LEXIS 91052, at *7 (quoting U.S. v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). A convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." Paul v. U.S., 534 F.3d 832, (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Malcom v. Houston, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," Kyles

v. Whitley, 514 U.S. 419, 434 (1995), but more than a possibility. White v. Roper, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact" subject to *de novo* review. Id. at 698. "In the context of a guilty plea, to demonstrate prejudice [m]ovant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial." Ware v. U.S., No. 1:08CV5, 2008 U.S. Dist. LEXIS 93254, *10 (E.D. Mo. Nov. 17, 2008) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." U.S. v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

  B. Counsel's performance was not deficient

    1. Gray's Medication (Ground A)

In Ground A of his Motion, Gary asserts that he was denied effective assistance of counsel because his counsel ignored his request for his daily medication. (Motion, p. 2). Gray asserts that "there is nothing on the record to support whether at the time of the Rule 11 Plea Hearing, the Petitioner was able to understand the nature and consequences of his decision to plead guilty." (Motion, p. 4).

Gray testified at the Motion Hearing that he had been prescribed cyclobenzaprine and naproxen. (Motion Hearing, p. 22). He said that he took these medications for pain and to calm his nerves. (Id.; see also Transcript from Change of Plea ("Plea Tr."), Doc. No. 7-2, pp. 5-7). Gray stated that he had not taken those medications in the month prior to April 26, 2007, when he pled guilty. (Motion Hearing, pp. 22-23). Also, the Court made specific inquiries into Gray's mental

health. Gray stated that he had been treated by a psychiatrist 20 years ago and that he had received drug and alcohol treatment five or six years ago. (Plea Tr., pp. 5-8). Gray also claimed that he had been wanting to see a mental health professional but he failed to identify any mental deficiencies. (Plea Tr., p. 5).

At the plea hearing, Gray testified that he had discussed the charges with Stenger and was happy with Stenger's representation. (Plea Tr., pp. 9-10). Gray testified that he agreed with everything in the plea agreement, no one coerced him to plead guilty, and that Gray was pleading guilty of his own free will. (Id., pp. 10-11). Gray stated that he understood that he had the right to plead not guilty, to have a trial and to be represented by counsel at trial. (Id., pp. 14-15). Finally, Gray agreed that the stipulated facts were accurate and pled guilty to Count I. (Id., pp. 17-18).

Gray has not demonstrated how his counsel's representation was deficient. He did not indicate during his change of plea hearing that he needed his medication. Moreover, he has not indicated how the medication he was prescribed, cyclobenzaprine and naproxen, would have affected his sanity or ability to enter a competent plea. Finally, Gray has not indicated how not receiving his medication would have affected his guilt in this case. At the change of plea hearing, Gray acknowledged that his plea was voluntary and that no one coerced him to enter a guilty plea. Likewise, he admitted to the factual basis of the crime of conspiracy to conduct sex trafficking of a minor. Based upon all of these facts, Petitioner cannot claim that he was prejudiced by ineffective assistance of counsel. Ground A of Movant's § 2255 Motion is denied.

## II. PROSECUTORIAL MISCONDUCT

### A. False Evidence (Ground B)

Gray claims that the U.S. Attorney used "false evidence" to secure the indictment, which violated the Petitioner's due process rights. (Motion, p. 4). Gray notes that the police report stated

that the victim was held at 4907 Genevieve in a rear bedroom against her will. (Id.). Gray, however, did not stay on Genevieve. (Id.). Gray believe this indicates that the indictment was based on perjured testimony. (Id., pp. 4-5).

Initially, the Court notes that Gray failed to raise this issue during his guilty plea, at his hearing with withdraw his guilty plea, his sentencing or his appeal. Accordingly, Gray is barred from raising this claim now. Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993)("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice.")(internal citation omitted).

Moreover, Gray has not demonstrated that the Government knowingly presented perjured testimony. Rather, throughout the proceedings, Gray has admitted that Jane Doe was at his residence on Robin. The Court finds no evidence of prosecutorial misconduct because the Government has always represented that Jane Doe stayed at the house on Robin and Gray admitted as such. Accordingly, Ground B of Gray's §2255 Motion is denied.

### III.   Violation of Constitutional Rights

A.   Absence from Status Conference (Ground C)

Gray claims that this Court erred by holding an "*ex parte* conference" on July 9, 2007, wherein it removed Steven Stenger as the his court-appointed defense attorney. (Motion, p. 5). Further, Gray claims that he suffered a constitutional deprivation because the transcript of this status conference was not included in his materials on appeal. (Motion, p. 6).

The July 9, 2007 minute entry states:

> Status Conference ... record made re: withdrawal of plea. Deft. to file amended mtn. to withdraw the plea by 7/23/07; govt to respond by 7/30/07; deft.'s reply due by 8/3/07. Evid. hrg. reset to 8/17/07 at 10:30 a.m.

Contrary to Gray's suggestion, the status conference was not *ex parte* because counsel for the Government and for Gray were present. Moreover, Gray did not have a right to be present at this status conference. While a criminal defendant has a right to be present at every stage of a trial, that does not mean that a defendant has the right to be present at every conference. United States v. Barth, 424 F.3d 752, 762 (8th Cir. 2005) (citing U.S. Const. amend. VI; Illinois v. Allen, 397 U.S. 337, 338, 25 L. Ed. 2d 353, 90 S. Ct. 1057 (1970); United States v. Shepherd, 284 F.3d 965, 967 (8th Cir. 2002)). Fed.R.Crim.P. 43(b)(3) provides that a defendant need not be present for a conference or hearing on a legal question. Accordingly, Gray's absence at a mere scheduling conference was not error and Ground C of Gray's §2255 motion is denied.

B.   Review of PSR Prior to Evidentiary Hearing (Count D)

Gray states that this Court should not have allowed the presentence report to be submitted and reviewed prior to the Court's decision on the evidentiary hearing. (Motion, p. 6). Gray claims that this Court violated Fed.R.Crim.P. 32[4] because "the ex parte introduction of this sort of material to the judge who presided over the evidentiary hearing seriously contravenes the rule's purpose of preventing possible prejudice from premature submission of the PSR." (Motion, pp. 6-7).

Gray's claim fails because he has not provided any support for his bald conclusion that the Court reviewed the PSR prior to his guilty plea. In fact, the Court received the PSR after Gray's guilty plea. (Government's Response to Darril E. Gray's Motion Pursuant to Title 28, United States Code, Section 2255, Doc. No. 7, p. 13). Likewise, Gray has not indicated how he was prejudiced by this Court allegedly reviewing the PRS prior to his guilty plea. Accordingly, Ground D of Gray's §2255 motion is denied.

---

[4]Fed.R.Crim.P. 32(e)(1) provides that "[u]nless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty."

C.   This Court Lacked Subject Matter Jurisdiction (Ground E)

"A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989). When the judgment of conviction upon a guilty plea becomes final and the offender seeks to reopen the proceeding, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." Id. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. Id. A claim that the Court lacked subject matter jurisdiction, however, can be raised in a §2255 motion "where on the face of the record the court had no power to enter the conviction or impose the sentence." Id.

Gray claims that this Court lacked subject matter jurisdiction over his crime because there was insufficient evidence to support a finding that he participated in "a violation of a conspiracy that violated interstate commerce, because there must be evidence tending to prove that the Petitioner entered into an agreement and knew that the agreement had the specific unlawful purpose charged in the indictment." (Motion, pp. 7-8; see also Motion to Clarify, Doc. No. 4). Gray claims that there was "no evidence on record, any juror could reasonably conclude beyond a reasonable doubt that the Petitioner committed the crime charged in the indictment." (Motion, p. 8).

Gray had the opportunity, instead of entering his guilty plea, to challenge the theory of the indictments and to attempt to show that this Court lacked subject matter jurisdiction. Instead, Gray entered a guilty plea and agreed to all of the facts supporting this Court's subject matter jurisdiction. Now, Gray claims, after admitting all of the elements of the federal offense of conspiracy to commit sex trafficking of a minor, that somehow this Court lacked subject matter jurisdiction over his crime. Gray has provided no reason why his crime did not affect interstate commerce. Therefore, the Court finds no error and denies Ground E of Gray's §2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Darril Gray's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Gray's Motion for Status Conference, Evidentiary Hearing and/or Judgment in his favor (Doc. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 4th day of March, 2011.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE